UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**NELLYA CHINN and PAIGE SMITH,** individually,
and on behalf of others similarly situated,

        Plaintiffs,

vs.

**COUSIN JENNY'S, INC.,** d/b/a **COUSIN JENNY'S
CORNISH PASTIES,** a Michigan corporation, and
**JERILYN J. DeBOER**,

        Defendants.

Case No.

Hon.

_____

# COLLECTIVE AND CLASS ACTION COMPLAINT
# WITH JURY DEMAND

Plaintiffs, Nellya Chinn and Paige Smith, individually and on behalf of all others similarly situated, by and through her attorneys, hereby brings this Collective and Class Action Complaint against Defendants, Cousin Jenny's, Inc. (hereinafter referred to as "Cousin Jenny's") and Jerilyn J. DeBoer ("Defendant DeBoer") (collectively referred to herein as "Defendants"), and states as follows:

## INTRODUCTION

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiffs, Nellya Chinn and Paige Smith (hereinafter referred to as "Plaintiffs"), individually and on behalf of all similarly situated persons employed by Defendants, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendants employed Plaintiffs as hourly employees in their Traverse City Restaurant.

3. Plaintiffs' job duties included a variety of tasks, including, but not limited to:

running the cash register, delivering food to tables, greeting and helping customers find seats, and cleaning. For purposes of this Complaint, the position held by Plaintiffs and others similarly situated is referred to herein as "Front of the House Employee."

4. Defendants paid the Front of the House Employees an hourly wage; however, the Front of the House Employees also earned in excess of $30 per month in tips. In fact, they generally earned in excess of $30 per week in tips.

5. Thus, the Plaintiffs and other Front of the House Employees constitute "Tipped Employees" under the FLSA. See DOL Fact Sheet #15, ("Tipped employees are those who customarily and regularly receive more than $30 per month in tips.")[1]

6. The tips/gratuities received by the Front of the House Employees belong to the Front of the House Employees, not the Defendants, regardless of whether Defendants claim a tip credit.

7. Defendants had an unlawful policy of confiscating *all* customer tips left for Front of the House Employee's.

8. Upon information and belief, Defendants' paid business expenses or otherwise enriched themselves by stealing the Front of the House Employees' (including Plaintiffs') tips.

**JURISDICTION AND VENUE**

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because it raises a federal question under 29 U.S.C. § 201, *et seq*.

10. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

---

[1] See, https://www.dol.gov/agencies/whd/fact-sheets/15-flsa-tipped-employees.

11. This Court has personal jurisdiction over Defendants because Defendants, at all relevant times, conducted and continues to conduct business within the State of Michigan.

12. Defendants' annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendants' Front of the House Employees engage in interstate commerce and, therefore, they are also covered by the FLSA on an individual basis.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant conducts business in this district, employs Plaintiff and many similarly situated individuals in this district, and a substantial portion of the events giving rise to Plaintiff's claims occurred in this district.

**PARTIES**

14. Plaintiff Nellya Chinn is a resident of Traverse City, Michigan, and was employed by Defendants as an hourly Front of the House Employee within the past three years. In fact, Plaintiff's employment continued into 2020. The exact dates of employment are contained in the payroll records in Defendants' possession. Plaintiff signed a consent form to join this lawsuit, which is attached to this Complaint as *Exhibit A*.

15. Plaintiff Paige Smith is a resident of Traverse City, Michigan, and was employed by Defendants as an hourly Front of the House Employee within the past three years. In fact, Plaintiff's employment continued into 2020. The exact dates of employment are contained in the payroll records in Defendants' possession. Plaintiff signed a consent form to join this lawsuit, which is attached to this Complaint as *Exhibit B*.

16. Additional Opt-In Plaintiffs were or are still employed by Defendants as hourly Front of the House Employees during the past three years and their consent forms will also be filed

in this case.

17. Defendant Cousin Jenny's is a Michigan corporation with its headquarters and principal offices located at 129 S. Union, Traverse City, Michigan 49684.

18. Defendant Cousin Jenny's is registered to do business in the State of Michigan and its registered office in Michigan is located at 129 S. Union, Traverse City, Michigan 49684. The registered agent is listed as Jerilyn J. DeBoer.

19. Defendant Jerilyn J. DeBoer is the founder, owner, and resident agent for Cousin Jenny's. Upon information and belief, Defendant DeBoer is domiciled in the State of Michigan.

20. According to Cousin Jenny's website, "Cousin Jenny's has blossomed into a true Northern Michigan staple offering famous Cornish pasties and comfort food for every single taste." *See*, https://cousinjennyspasties.com/about-cousin-jenny/ (last visited 10/21/20).

## JOINT EMPLOYMENT

21. Defendants were joint employers of Plaintiffs and all other hourly employees at Cousin Jenny's restaurant.

22. Defendants jointly exercised meaningful control over the work performed by the Front of the House employees.

23. Defendants jointly exercised meaningful control over the Front of the House Employees' wages, hours and working conditions, including the quantity, quality standards, wages, tips, scheduling, and operative details of the tasks the Front of the House Employees performed.

24. Defendants jointly exercised control over the Front of the House Employees because the Front of the House of Employees, as a matter of economic reality, are dependent upon each Defendant, who shared the power to set the Front of the House Employees' wages and

4

determine their working conditions, and who jointly reap profits from the underpayment of their wages (wage theft).

25. Notably, Defendants jointly developed and implemented the policy and practice of confiscating the tips of all hourly Front of the House Employees.

## GENERAL ALLEGATIONS

26. Defendants operate a restaurant in Traverse City, Michigan that specializes in comfort food; including Cornish Pasties, Breakfast Bobbies, soups, salads, wraps, and sandwiches. *See*, https://cousinjennyspasties.com/ (last visited on 10/21/20).

27. Plaintiffs were employed by Defendants in the Traverse City restaurant as Front of the House Employees.

28. Plaintiffs regularly and customarily earned more than $30 in tips per month.

29. On August 24, 2020, Plaintiffs' sent a letter to Defendants demanding the return of all confiscated tips and explained that retention of their tips was a clear violation of the FLSA.

30. Defendants ignored Plaintiffs' August 24, 2020 request to return all of their tips.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of themselves and on behalf of:

> *All current and former hourly Front of the House Employees who worked for Defendants at any time in the past three years.*

(hereinafter referred to as the "FLSA Collective"). Plaintiffs reserve the right to amend this definition if necessary.

32. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

33. Excluded from the proposed FLSA Collective are Defendants' executives,

5

administrative and professional employees, including computer professionals and outside sales persons.

34. Consistent with Defendants' policies and practice, Plaintiffs and the proposed FLSA Collective were unlawfully deprived of their tips/gratuities.

35. All of the work Plaintiff and the proposed FLSA Collective performed was assigned by Defendants, and/or Defendants were aware of all of the work the Plaintiffs and the proposed FLSA Collective performed.

36. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to wage theft (stealing tips).

37. Defendant is aware, or should have been aware, that federal law, particularly the FLSA, deems tips the property of the employee and that under no circumstances may the employer confiscate the employee's tips.

38. Defendant's unlawful conduct was widespread, repeated, and consistent.

39. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

40. The employment relationships between Defendants and every proposed FLSA Collective member are the same and differ only by name and rate of pay (to the extent any

difference at all exists). The key issues – the stealing of tips – does not vary substantially among the proposed FLSA Collective members.

41. There are many similarly situated current and former Front of the House Employees who were underpaid in violation of the FLSA. They would benefit from the issuance of a court-authorized notice of this lawsuit and the opportunity to join.

42. Plaintiffs estimate the FLSA Collective, including both current and former Key Holders over the relevant period, includes dozens of members. The precise number should be readily available from a review of Defendants' personnel and payroll records.

## COUNT I
### (29 U.S.C. § 216(b) Collective Action)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, et seq. – FAILURE TO PAY OVERTIME

43. Plaintiff re-alleges and incorporates all paragraphs herein.

44. At all times relevant to this action, Defendants were subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq.*

45. At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

46. At all times relevant to this action, Plaintiffs and the FLSA Collective members were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

47. Plaintiffs and other FLSA Collective members, by virtue of their job duties and activities actually performed, are all non-exempt employees.

48. Plaintiffs and the FLSA Collective members either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

49. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and

all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

50. At all times relevant to this action, Defendants were obligated to comply with the FLSA, in particular, 29 U.S.C. § 203(m)(2)(B), which provides:

> An employer may not keep tips received by its employees **for any purposes**, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. [emphasis added].

51. Furthermore, 29 U.S.C. § 216(b) states:

> Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages.

52. At all times relevant to this action, Defendants confiscated the tips left by Defendants' customers for Plaintiffs and the other Front of the House Employees, in violation of the FLSA.

53. Defendants' violations of the FLSA were knowing and willful. Defendants knew or could have allowed Front of the House Workers to retain their tips, but Defendants did not.

54. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

WHEREFORE, Plaintiffs request the following relief:

    a. An Order conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

    b. An Order compelling Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all proposed FLSA Collective members and authorizing Plaintiffs to send notice of this action to all those similarly situated individuals, including the

      publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

c.     An Order designating the Plaintiffs as representative of the FLSA Collective; and undersigned counsel as Class counsel for the same;

d.     An Order declaring Defendants violated the FLSA and the Department of Labor's attendant regulations as cited herein;

e.     An Order declaring Defendants' violations of the FLSA were willful;

f.     An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount of damages and liquidated damages available by law;

g.     An Order awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute;

h.     An Order awarding pre- and post-judgment interest to Plaintiffs on these damages; and

i.     An Order awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: October 28, 2020                               Respectfully submitted,

                                                         */s/ Charles R. Ash, IV*
                                                         Charles R. Ash, IV (P73877)
                                                         SOMMERS SCHWARTZ, P.C.
                                                         One Towne Square, Suite 1700
                                                         Southfield, Michigan 48076
                                                         248-355-0300
                                                         crash@sommerspc.com

                                                         *Trial Counsel for Plaintiff*