UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**NELLYA CHINN and PAIGE SMITH**,
Individually and on behalf of others
similarly situated,

                      Plaintiffs,

    v.

**COUSIN JENNY'S, INC.,** d/b/a **COUSIN
JENNY'S PASTIES,** a Michigan
corporation, and **JERILYN J. DeBOER,**

                      Defendants.

Case No. 1:2020cv01037

HON. JANET T. NEFF

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

The Parties, through their counsel, hereby file this Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal with Prejudice ("Joint Motion for Approval of Settlement"). This Joint Motion for Approval of Settlement is filed on behalf of: (1) Defendants Cousin Jenny's, Inc. d/b/a Cousin Jenny's Cornish Pasties, a Michigan corporation ("Cousin Jenny's") and Jerilyn DeBoer ("DeBoer"); (2) Plaintiffs Nellya Chin and Paige Smith (the "Plaintiffs"). Because Plaintiffs have asserted claims under the Fair Labor Standards Act ("FLSA"), the Parties' Settlement Agreement requires the Court's approval.

### FACTUAL BACKGROUND

Named Plaintiffs filed their Complaint on October 28, 2020, asserting claims for unpaid wages under the FLSA. The Plaintiffs also filed "Consents to Sue" in this matter, anticipating that Plaintiffs would seek collective action certification under the FLSA. In summary, the claims subject to the Settlement Agreement are as follows:

1. Plaintiffs allege that they are entitled to unpaid compensation and overtime pay, including pay for tips pursuant to the FLSA. Plaintiffs allege that Cousin Jenny's unlawfully withheld and confiscated all tips and gratuities left by Cousin Jenny's customers for front of the house employees. As stated in the complaint, 29 U.S.C. § 216(b) provides for a cause of action based on these facts, without regard to whether there was an overtime or minimum wage violation.

2. Defendants deny Plaintiffs' claims that they are entitled to additional compensation pursuant to the FLSA. Specifically, Defendants contend that they had a legally valid tip-pooling policy with tips used to make certain employees were paid above-market wages with the employer actually receiving less, and the employees receiving more, than would have been the case if the employer had paid the taken a tip credit. Further, Defendants contend that the Plaintiffs never worked more than forty (40) hours in a week and therefore would not be entitled to any additional payment under the asserted overtime claim, that Plaintiffs are not similarly situated to most of the putative class because the Plaintiffs worked a relatively brief period of time when COVID-19, and related executive orders, disrupted Cousin Jenny's operations and business procedures.

3. To avoid the costs, delays, and uncertainties of litigation, the Parties have negotiated a settlement of all claims in this matter, which includes a fair resolution of the Plaintiffs' FLSA claim (the "Settlement Agreement"). The Settlement Agreement is attached to this Joint Motion as **Exhibit A**.

## MEMORANDUM OF LAW

Claims for unpaid wages arising under the FLSA may be settled only with the approval of the District Court or the Department of Labor. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982). If a settlement of a plaintiff's FLSA suit is a fair resolution of the issues, the court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether to approve a settlement agreement, the reviewing

court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id*. Courts therefore consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense and lengthy duration of the litigation; (3) the state of the proceedings; (4) the probability of Plaintiff's success on the merits; and (5) the range of possible recovery. *Leverso v. Lieberman*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

The Parties request that the Court approve the Settlement Agreement because it constitutes a fair and reasonable resolution to this dispute. The Parties have entered into the Settlement Agreement pursuant an arms-length negotiation between their respective counsel, not as the product of fraud or collusion. Further, the complexity, expense, and time associated with litigating this matter militates in favor of this settlement. The litigation of the legal and factual issues underlying this dispute would have required significant time and expense for all parties, particularly given the relatively modest amounts in dispute.

With respect to the probability of success and the range of possible recovery, the Parties acknowledge that their respective positions are complicated and uncertain due to numerous factual disputes and legal theories, and that discovery would likely result in significant attorneys' fees that would overshadow the amounts in dispute. Although Plaintiffs believe discovery would aid in proving Plaintiffs' positions, Plaintiffs' likelihood of success on the merits and the amount they would be awarded is uncertain, further evidencing that this settlement is fair and appropriate. Defendants dispute that Cousin Jenny's improperly retained tips and that Plaintiffs' allegations are appropriate for collective wide adjudication.

As it stands, under the parties' settlement agreement, each of the Plaintiffs stand to recover $2,000.00 in wage damages. Given the relatively brief employment for Defendant, this is an

outstanding result for Plaintiffs. Furthermore, the attorney fees and costs provided by the settlement agreement are reasonable. Plaintiff's Counsel (a partner at Sommers Schwartz, P.C) has already expended approximately twenty-two hours pursuing this claim and finalizing this settlement, at his regular rate of $450. Accordingly, at the conclusion of this case, Plaintiff's Counsel will actually receive less than his Lodestar, despite the outstanding result for his clients.

The consideration to be paid under the Settlement Agreement has been allocated among the Plaintiffs (and among the claims) based on Plaintiffs' counsels' determination of the relative strengths of each claim, in a manner approved by the Plaintiffs and their attorneys. Moreover, the attorneys' fees to be paid under the Settlement Agreement are reasonable and appropriate in light of the time spent by Plaintiffs' counsel for their work on behalf of the Plaintiffs in obtaining this outcome.

## CONCLUSION

For the reasons stated above, the parties request that the Court enter an Order (1) approving the Settlement Agreement and (2) dismissing this action with prejudice.

Respectfully submitted,

| SOMMERS SCHWARTZ PC | PARKER HARVEY PLC |
|---|---|
| By: */s/ Charles R. Ash, IV* | By: */s/ Andre J. Blodgett (w/consent)* |
| Charles R. Ash, IV (P73877) | Andrew J. Blodgett (P68259) |
| One Towne Square, Suite 1700 | 901 South Garfield Avenue, Suite 200 |
| Southfield, Michigan 48076 | Traverse City, Michigan 49686 |
| 248-355-0300 | (231) 929-4878 |
| crash@sommerspc.com | ablodgett@parkerharvey.com |
| Attorneys for Plaintiffs | Attorneys for Defendants |